J. A. S. HENDERSON AND WIFE *v.* F. H. HARTMAN.

USURY.  *Estoppel.   Case in judgment.*

D. held a promissory note of H., largely made up of usurious interest, and secured by a deed of trust on the homestead of H. Shortly after the maturity of the note, H. procured J. to take up the same, he paying the full face value thereof. H. assured J. that the note was amply secured, making no mention that it was in any part usurious, and at the same time agreeing that the security for this note should also be made to cover tuition, to be thereafter furnished the daughters of H. by J. Afterwards J. assigned the note and security to one F., who took without notice of the usury. H. filed a bill to enjoin a sale under the trust deed, and to have the note purged of usury. F. answered, and making his answer a cross-bill, asked a foreclosure for the full amount shown to be due by the note. *Held,* that H. is estopped, on the facts above stated, from setting up usury as a defence to the demand for full payment of his note.

APPEAL from the Chancery Court of Lincoln County.

HON. LAUCH MCLAURIN, Chancellor.

On March 18, 1884, J. A. Henderson borrowed from one Davis $150.00, for which he gave his promissory note for $180.00, payable Jan. 1, 1885, with ten per cent. interest after maturity. On April 14, 1885, a settlement was had between the parties, and a new note executed by Henderson in favor of Davis for $241.82, payable Oct. 1, 1885, with ten per cent. interest after maturity. This amount was claimed to be due on the original loan of $150.00. These several notes were successively secured by a deed of trust on a house and lot, the homestead of Henderson.

On Dec. 15, 1885, Henderson procured one H. A. Johnson to buy and take up the last note given by him to Davis, stating, as an inducement thereto, that the note was fully secured, but saying nothing about the usury of the note. Johnson knew nothing of the usurious character of the note and paid therefor the face value thereof. At the same time Henderson agreed in writing with Johnson that the deed of trust should be security for $81.50 for tuition for Henderson's daughters to be furnished by Johnson, as well as for the note bought as above stated. Johnson having died, his widow and executrix assigned the note and security to F. H. Hartman, who had no notice of the usurious character of the note. In 1877, Hartman was proceeding to sell the property under the deed of trust, when Henderson and wife exhibited this bill in equity to enjoin the sale, asking that the note be first purged of usury, and tendering the amount alleged to be legally due. The defendant answered, denying that the note ought to be purged of usury, and, making his answer a cross-bill, asked that the trust deed be foreclosed and the land sold to pay the full amount of the face of the note and interest thereon, after maturity thereof, at ten per cent. per annum.

The Chancellor granted the relief asked in the cross-bill and declined to grant the prayer of the original bill.

The complainants in the original bill, Henderson and wife, appealed.

*H. Cassedy*, for the appellants.

Neither the doctrine of estoppel nor the protection afforded a *bona fide* purchaser have any place whatever as instrumentali-

ties to enforce the collection of usurious interest; neither can make that legal which is prohibited by law; neither can work out a result through the courts which the parties themselves could not have lawfully contracted to do. *Crane et al.* v. *French,* 38 Miss., 529, 530, 532.

*R. H. Thompson,* for the appellee.

The real and only question on the merits is one of estoppel. Can a debtor who has promised by note to pay usurious interest, not apparent on the face of the note, estop himself by his conduct and acts from setting up the usury as against an innocent party without notice, whom he has induced to purchase and receive an assignment of the debt paying its full face value therefor?

If so, then the decree of the court below must be affirmed. Daniel on Neg. Inst's, Vol. 1, Section 859, and authorities cited. Tyler on Usury, pages 418–19. See what is said by Chief Justice Sharkey, near center, second paragraph, p. 97, in *Torrey* v. *Grant,* 10 S. & M., 89. On the general subject of estoppel, *Staton* v. *Bryant,* 55 Miss., 261.

CAMPBELL, J., delivered the opinion of the Court.

A person may be estopped from setting up usury as a defence. 2 Herman on Estoppel, § 911, 1012; 1 Daniel on Neg. Inst., § 859; Tyler on Usury, 418–419, and the facts of the case make the principle applicable.

*Affirmed.*