Dayhood *v.* Neely *et al.*

(Division A.   March 31, 1924.)

[99 So. 440.   No. 23995.]

Estoppel. *Representation of maker to prospective purchaser that he will pay note precludes defense of illegal consideration.*

Where the maker of a note promises a prospective purchaser to pay the same, or represents to him that the note is valid and there is no defense thereto, he is estopped to resist payment in an

action by such purchaser, who has taken the note in reliance on such representations, and he will be precluded from setting up as a defense that the consideration of the note was a gambling debt and therefore illegal.

Appeal from circuit court of Sunflower County.
Hon. S. F. Davis, Judge.

Action by Sam Dayhood against Dick Neely and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

*B. B. Allen,* for appellant.

Appellee Neely is estopped by his misrepresentation in this case to set up a defense to this suit. It is one of the oldest and best settled principles of the common law that where one party by his conduct has induced another to do a thing to his injury, the party whose conduct has thus induced this action cannot be heard to deny the truth of his former statements and representations, this being regarded·as a fraud upon the rights of the injured party. And this court has held, in the case of *Smith* v. *State,* 107 Miss. 468, 65 So. 564, that fraud involves "a breach of duty, trust, or confidence, and includes all acts, omissions, or concealments by which another is injured, or an undue and unconscientious advantage taken." "An estoppel as defined by Lord Coke, is in effect a man's act or acceptance which stops or closes his mouth to allege or prove the truth, and is enforced on the grounds of public policy and good faith." *Banks* v. *Eldridge,* 84 So. 430, 17 Ala. App. 235.

By a long list of well-considered cases, this court has upheld the doctrine of estoppel in cases similar to the one at bar, and in no instance have we found where there was ever a dissenting opinion. These decisions and our contentions here are in line with the general trend of the law everywhere. 21 Corpus Juris, 1143, sec. 146; 3 R. C. L. 1107, sections 323, 324; 10, R. C. L. 808, section 116; *Montgomery* v. *Dillingham,* 3 S. & M. 467; *Ayres* v.

*Mitchell,* 3 S. & M. 683; *Land* v. *Lacoste,* 5 How. 471; *Parham* v. *Randolph,* 4 How. 435; *Hamer* v. *Johnston,* S. & M. Ch. 563, is a case on all-fours with the one at bar.

So we see from the above that our replication of es-toppel is good, and that the court below erred in sustain-ing a demurrer to it. We are backed in our contention by several well-considered and well-reasoned cases, and by the common law and holding of the courts of the other states. While it may be true that the note in this case was actually given for a gambling debt, the appellee by his conduct has precluded himself from asserting it be-cause to do so would permit him to change his story to the detriment of an innocent person who has relied upon it as true; the appellee cannot even show the truth to be different from his first story to the appellant; appellee is estopped to set up or avail himself of it, or to deny that the note is good and valid and binding on him.

*Floyd & Easterling,* for appellee.

The precise question presented is whether or not the appellee is estopped by virtue of his promise to pay to show that the note given by him to Shofner, and by Shof-ner tranferred to the plaintiff, Dayhood, was upon con-sideration of a gambling debt and null and void.

It is our contention that under the statute the note given upon consideration of money lost at gaming was null and void, and that no subsequent development could breathe the breath of life into that which was not. A void thing is no thing. See section 2300, Code 1906, sec-tion 1910, Hemingway's Code. We contend that the prin-ciple of the estoppel contended for by appellant does not apply. For it is obvious that to allow recovery on void instruments would lead to circumvention of the statute, and a nullifying of the public policy of the state. *Elkin-Henson Grain Company* v. *White,* 98 So. 531, is conclu-sive of the question here.

Under the section on gaming heretofore quoted are noted cases which are equally conclusive. See *Holman* v. *Ringo,* 36 Miss. 69; *Crawford* v. *Storms,* 41 Miss. 540; *Campbell* v. *New Orleans National Bank,* 74 Miss. 526, 23 So. 25; *Adams* v. *Rowan,* 8 S. & M. 624; *Lucas* v. *Waul,* 12 S. & M. 157; *Martin* v. *Terrell,* 12 S. & M. 571; *Smither* v. *Keys,* 30 Miss. 179.

Now if the replication had averred that the plaintiff asked the defendant what was the consideration of the note, or had asked for what it was given and the defendant had misled the plaintiff or had concealed any fact or stated that it was not given for gambling, then there might have been some reason for the application of the doctrine of estoppel, but we submit if the facts had disclosed this kind of a case that suit still could not have been brought upon the note as such as was due in this case, but would have to have been brought in a suit in tort for fraud and deceit. The action of the court below in the light of the authority cited and the statute referred to, was preeminently correct.

Argued orally by *B. B. Allen,* for appellant.

ANDERSON, J., delivered the opinion of the court.

Appellant, Sam Dayhood, sued appellees, Dick Neely and E. P. Shofner, to recover the principal and interest of a certain promissory note for six hundred ninety-five dollars, executed by appellee Neely and indorsed by appellee Shofner, of which promissory note appellant was the owner and holder in due course at the time he brought this suit. Appellee Neely pleaded in addition to the general issue that the note in question was void because the consideration thereof was a gambling debt. Appellant replied, admitting that the consideration of the note was a gambling debt, but asserted that he became the owner and holder of said note in due course before maturity without notice that such was the consideration, and that before he purchased said note he approached

appellee Neely and asked him if the note was valid and if he would pay it, to which appellee Neely replied that it was and he would pay the note at maturity, and that, upon the faith of this statement, appellant purchased said note, paying value therefor. Appellant's replication was demurred to by appellees, and appellant declining to plead further, final judgment was entered against him for the principal and interest of said note, from which he prosecutes this appeal.

The case presented by the pleadings is as follows: Appellee Shofner was engaged in the purchase and sale of automobiles. He approached one Dribbens to sell him a car. The negotiations reached the point where the price of the car was agreed upon on condition that appellee Schofner would take in part payment of the purchase money of the car a debt due him by appellee Neely of six hundred ninety-five dollars evidenced by account. Before appellee Shofner would agree to accept said debt in part payment for said car he approached appellee Neely and asked him if he owed that amount to Dribbens and would pay it, informing appellee Neely of his purpose in reference thereto, to which question appellee Neely informed appellee Shofner that he owed the debt and would pay it, but would have to have further time in which to make payment. Appellee Shofner agreed to delay payment provided appellee Neely would give his promissory note for the amount, which appellee Neely agreed to do and did do, executing the note sued on in this cause, which was then and there accepted by appellee Shofner as part payment for said car. Thereafter for a valuable consideration appellee Shofner sold and assigned said note to appellant, Dayhood, and before appellant accepted said note and parted with the consideration therefor he approached appellee Neely to know about its validity and payment, who, on being questioned, stated that he owed the note and would pay it when due. Upon the faith of the truth of that statement appellant purchased the note and paid for it.

Appellees contend that the note sued on is void even in the hands of a purchaser situated as appellant was who parted with the consideration therefor on the representation of the maker, appellee Neely, that it was valid and would be paid.

On the other hand, appellant contends that appellee Neely is estopped to set up the illegality of the consideration of said note. That by virtue of having induced appellant to purchase said note and pay the consideration therefor, relying upon his representation that it was valid and he would pay it at maturity, appellee will not now be heard to say otherwise. Appellant contends that to permit appellee Neely now to defeat the collection of said note upon the ground of the illegality of its consideration would be to permit him to profit by his own fraud and deceit in representing said note to be valid, and that he would pay it.

The principle involved is stated thus in 21 C. J., section 146, pp. 1143 and 1144:

"Where a person liable on a bill, note, bond, letter of credit, certificate of deposit, stocks, or other security promises a prospective purchaser or assignee to pay the same, or represents to him that the obligation is valid and that there is no defense to it, he is estopped to resist payment in an action by such person, who has taken the paper in reliance on his representation, and will be precluded from setting up a defense which would have been good as between the original parties."

The principle applies, even though the consideration of the note is illegal. The maker will not be heard to claim its illegality in the face of his conduct by which the holder was induced to purchase it and pay value therefor. *Henderson* v. *Hartman,* 65 Miss. 466, 4 So. 549; *Hamer* v. *Johnston,* Smedes & M. c. 563.

*Reversed and remanded.*